# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANETTE COLWELL | : | NO. 3:07-CV-502 |
| Plaintiff, | : | |
| v. | : | |
| RITE AID CORPORATION d/b/a RITE AID and SUSAN CHAPMAN, | : | |
| Defendants. | : | Judge Munley |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF FRONT OR BACK PAY DAMAGES**

## Standard for Exclusion of Evidence

The Federal Rules of Evidence set forth a liberal admissibility standard for "all relevant evidence," defined as "evidence having any tendency" to make "more probable or less probable" the existence "of any fact that is of consequence to the determination of the action." Fed. R. Evid. 401 and 402. *See also*, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 87 (1993) (Rule 402's "basic standard of relevance…is a liberal one").

Grounds for excluding relevant evidence include instances in which the "probative value [of the evidence] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.*

### POINT ONE
### Plaintiff's back or front pay damages are damages recoverable under both the ADA and PHRA

The remedies and damages available for violations of the ADA are the same as those provided for under Title VII, including the recovery of back pay or any other equitable relief as the court deems appropriate. 42 USCS § 12117; 42 USCS § 2000e-5(g). The PHRA likewise provides that the court may fashion remedies by ordering the granting of back pay or any other legal or equitable relief as the court deems appropriate. 43 P.S. § 962(c)(3).

An award of front pay is one such alternative equitable remedy available under the statutes to compensate plaintiffs for future lost earnings. *See*, *Gallo v. John Powell Chevrolet, Inc.,* 779 F. Supp. 804, 815 (M.D. Pa. 1991) (recognizing that courts have considerable latitude in fashioning appropriate remedies for Title VII and PHRA violations and may award front pay to plaintiffs to provide relief for future harm).

Defendants rely primarily on a single case, *Spencer v. Wal-Mart Stores*, 469 F.3d 311, 315 (3d Cir. 2006), in support of its position that a showing of actual or constructive discharge is required to recover back pay damages for discrimination, and Defendants' reliance on that case is misguided. In *Spencer*,

the plaintiff made an allegation of a hostile work environment, not a claim for failure to accommodate. *See*, *Hare v. Potter*, 549 F. Supp. 2d 688, 693 (E.D. Pa. 2007) (noting that, while plaintiff who alleged hostile work environment was bound by *Spencer*, the outcome may have been different had she alleged another type of discriminatory conduct that might allow an award of back pay for the period she endured discrimination). As such, the holding is wholly inapplicable to the present litigation.

Nonetheless, the Third Circuit in *Turner* held that a failure to accommodate is an adverse action. *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006). Consequently, Colwell is entitled to seek and recover damages for both back and front wages.

### POINT TWO
### The PHRA provides for full remedies on a failure to accommodate claim

Even if this Court decides that the ADA does not provide damages of front and back pay, this case involves the PHRA, which provides for full compensatory damages. "Back pay is routinely awarded to successful PHRA claimants, *Gallo v. John Powell Chevrolet, Inc.*, 779 F.Supp. 804, 811 & n. 8 (M.D.Pa.1991), includes benefits that would have been received incident to employment, *Kelly v. Matlack*, 903 F.2d 978, 984-85 (3d Cir. 1990), and is not reduced either by unemployment benefits collected by the Plaintiff or by taxes

that would have been paid on the income. *Taylor v. Central Penn. Drug and Alcohol Services Corp.*, 890 F.Supp. 360, 370-71 (M.D.Pa.1995)."

## CONCLUSION

For the preceding reasons, Plaintiff respectfully requests that this Court deny Defendants' motion in limine to exclude damages of front and back pay.

Respectfully Submitted,

By: /s Cynthia L. Pollick
Cynthia L. Pollick, Esquire
Attorney for Plaintiff
Pa. ID. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

## CERTIFICATE OF SERVICE

Cynthia L Pollick, Esquire, hereby certifies that on July 29, 2010, she served a copy of Plaintiff's Brief in Opposition to Defendants' Motion in Limine by serving a copy Electronically on Defendants' attorney:

Amy G. McAndrew, Esquire
Pepper Hamilton LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312

s/ Cynthia L. Pollick