# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANETTE COLWELL, | : | No. 3:07cv502 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| RITE AID CORPORATION d/b/a RITE AID, and SUSAN CHAPMAN, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court are defendants' motions in limine. Having been fully briefed, the matters are ripe for disposition.

**Background**

This case arises from plaintiff's resignation of her position in Defendant Rite Aid Corporation's Old Forge, Pennsylvania store. Defendant Susan Chapman was manager of the store at the time plaintiff's employment ended. Plaintiff, who suffers from almost total blindness in her left eye and cannot drive at night, contends that defendants refused to accommodate her disability. She alleges that this refusal to provide such accommodation was unreasonable, and that defendants' actions entitle her to damages under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.* and the Pennsylvania Human Relations Act (PHRA), 42 P.S. §§ 951,

*et seq.*[1]

After the parties completed discovery, the defendants filed a motion for summary judgment. The court granted this motion and closed the case. (Doc. 51). The plaintiff appealed. The Third Circuit Court of Appeals reversed and remanded, finding that this court had erred in concluding that plaintiff could not prevail on her claim that defendants failed to accommodate her disability. (See Doc. 55). The appeals court upheld this court's decision in all other respects, including plaintiff's claim that she had suffered a constructive discharge from her position. (Id.). The sole remaining claim in the case, therefore, is that the defendants violated plaintiff's rights under the ADA and PHRA by failing to accommodate her disability. The court then scheduled a pre-trial conference, and the defendant filed the instant motions. The parties then briefed the issues, leaving the case in its present posture.

**Jurisdiction**

Because the case was brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Supplemental jurisdiction over plaintiff's state law claims exists pursuant to 28 U.S.C. § 1367(a). ("In any civil

---

[1] The plaintiff brought other claims, including a claim of age discrimination, but they are no longer before the court.

2

action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**Discussion**

Defendants filed two motions in limine. The court will address each in turn.

**A. Evidence of Front and Back Pay**

The defendants seek to exclude any evidence of front or back pay as a component of plaintiff's damages. They argue that the Third Circuit concluded that plaintiff had not suffered an adverse employment action, rejecting her claim that she was the victim of constructive discharge, and that this failure to suffer actual or constructive discharge precludes the recovery of back or front pay. Because such damages cannot be recovered, evidence related to front or back pay is not relevant to the case and should be excluded. Plaintiff responds that the case law establishes front pay and back pay as remedies under these circumstances. Even if front and back pay is not available to plaintiff under the ADA, she insists that such remedies are available under the PHRA and information on such damages should be introduced.

"Back pay is designed to make victims of unlawful discrimination whole by restoring them to the position they would have been in absent the discrimination." Donlin v. Philips Lighting N. American Corp., 564 F.3d 207, 218 (3d Cir. 2009).

3

Such an award is "not an automatic or mandatory remedy, but 'one which courts 'may' invoke at their equitable discretion." Id. (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 415 (1975)). Courts have concluded that "[b]ack pay is available to a successful Title VII plaintiff under the Civil Rights Act of 1964." Spencer v. Wal-Mart Stores, 469 F.3d 311, 315 (3d Cir. 2006). Such a remedy is "equitable relief awarded at the discretion of the court." Id. In the context of hostile work environment claims, that remedy is unavailable "without a successful constructive discharge claim," since "if a hostile work environment does not rise to the level where one is forced to abandon the job, loss of pay is not an issue." Id. at 317. "The ADA incorporates the remedies provided for in Title VII of the Civil Rights Act of 1964." Eshelman v. Agere Sys., 554 F.3d 426, 441 n.7 (3d Cir. 2009).

The court concludes that the most appropriate action under these circumstances is to deny the motion and defer a ruling until after the evidence has been introduced at trial. The court emphasizes that this decision does not mean that plaintiff will be awarded front or back pay if she prevails at trial. The court will determine after the trial whether plaintiff is legally entitled to such damages. As explained above, "[b]ack pay is not an automatic remedy, but 'one which the courts 'may' invoke' at their equitable discretion." Donlin, 564 F.3d at 218. In determining whether and how much front and back pay to award, "[t]he jury's role [is] only advisory on the issue of damages because back pay and front pay are equitable remedies to be determined by the court." Id. at 211 n.1. As a result, defendants will

4

not be prejudiced by the introduction of such evidence, even if the court later concludes that these equitable remedies are unavailable. The court will hear evidence on the types of damages plaintiff seeks, consider the legal and evidentiary issues that arise in the context of the trial, and then determine whether plaintiff is entitled to any equitable remedies. If appropriate after the jury renders its decision, the court will also entertain renewed legal arguments from both parties about the propriety of awarding front and back pay. The motion will therefore be denied without prejudice to the defendants raising the issue at an appropriate time.

**B. Hearsay Testimony**

The defendants also seek to preclude plaintiff from testifying that Ken Karasek, a union representative, told her that he "could see why you think you're being discriminated against." Defendants argue that this evidence is hearsay, is not relevant and is unduly prejudicial. Plaintiff responds that the statement will not be introduced to prove the truth of the matter asserted–that defendants discriminated against her–but to explain why plaintiff resigned from her position following the conversation with Karasek. Plaintiff also argues that no hearsay issue will arise because Karasek will testify about what he said, and such testimony cannot be considered hearsay. Moreover, the testimony cannot be excluded because it embraces the ultimate issue.

The Federal Rules of Evidence define hearsay as: "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence

5

to prove the truth of the matter asserted." FED. R. EVID. 801(c). "Hearsay is not admissible except as provided by" the federal rules. FED. R. EVID. 802. Those rules also provide a number of exceptions to the hearsay rule, allowing the introduction of out-of-court statements that describe a declarant's "present sense impression," represent an "excited utterance," record the declarant's "then existing mental, emotional, or physical condition," and other statements recorded in official documents or which bear other indicia of reliability. See FED. R. EVID. 803. Plaintiff's contention is that the statement would not be offered for the truth of the matter asserted, and thus is not hearsay.

The court will deny the motion. Plaintiff insists that the statement will be introduced to show her response Karasek's opinion, and not to demonstrate that discrimination existed. Thus, the statement is not offered for the truth of the matter asserted, and is not hearsay. The court also finds that the statement, the statement would be relevant to the question of whether defendants actually attempted to accommodate plaintiff's disability, as it could help a jury to understand why plaintiff acted as she did after discussed an accommodation with the defendants. See FED. R. EVID. 401. The evidence is also not unduly prejudicial. A jury would not likely be swayed to unfair prejudice by hearing that a union official commiserated with plaintiff's feeling of discrimination. See FED. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."). For those reasons, the court will deny the motion.

6

**Conclusion**

For the reasons stated above, the court will grant the defendants' motion to preclude evidence on front and back pay and deny the defendants' motion to preclude the alleged hearsay statement.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANETTE COLWELL, | : | No. 3:07cv502 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| RITE AID CORPORATION d/b/a | : | |
| RITE AID, and | : | |
| SUSAN CHAPMAN, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 4th of August 2010, the defendants' motion in limine to preclude evidence of front and back pay (Doc. 60) is hereby **DENIED** without prejudice to defendants raising the issue again at an appropriate time. The defendants' motion in limine to preclude hearsay evidence (Doc. 61) is hereby **DENIED**.

                                                       **BY THE COURT:**

                                                       **s/ James M. Munley**
                                                       **JUDGE JAMES M. MUNLEY**
                                                       **United States District Court**