# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEANETTE COLWELL,** | : | No. 3:07cv502 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| **RITE AID CORPORATION d/b/a** | : | |
| **RITE AID, and** | : | |
| **SUSAN CHAPMAN,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 4th day of February 2011, the plaintiff's motion in limine to preclude introducing classified newspaper ads never turned over during discovery (Doc. 84) is hereby **DENIED**.

Plaintiff's motion involves an item included on defendants' pre-trial exhibit list. Item number 16 on that is "newspaper classified ads from the time period October 2005 to present." Plaintiff complains that she never received this material in discovery in violation of Federal Rule of Civil Procedure 26, that this failure to disclose prejudiced her, that the material is not relevant to the case, and that the material should therefore be excluded. Plaintiff also contends that such advertisements are hearsay and are therefore inadmissible.

This case is an employment discrimination matter. Plaintiff alleges discrimination on the basis of a disability, and seeks damages that include front and back pay. As such, plaintiff's attempts to mitigate these damages is relevant to the

litigation. See FED. R. EVID. 401 ("'relevant evidence' means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). At her deposition, held in January 2008, plaintiff testified that she had sought employment since leaving employment with the defendant. (Plaintiff's Deposition, Exh. A to Defendant's Response to Plaintiff's Motion (Doc. 87)). Plaintiff "looked through the ads in the paper all the time, [looking for] something that would be good for me." (Id. at 92). Plaintiff examined advertisements in the Scranton Times and the Times Leader of Wilkes-Barre "[a]t least once a week." (Id.).

In her brief in support of this motion, plaintiff alleges that defendants have provided her with five binders containing approximately 2,000 pages of newspaper advertisements. She insists that this amounts to a "supplemental" production of documents that occurred only two weeks before the scheduled trial, and that providing such a large number of documents at a late date amounts to "sandbagging" and unfair prejudice. The court rejects these arguments, concluding that plaintiff had access to all of the information supposedly contained in the "supplemental" disclosure and that no possible prejudice could occur from having materials of which she was already aware presented to her in a collected form.

This case is easily distinguishable from cases cited by the plaintiff, which address situations where the material provided the plaintiff was in the exclusive custody and control of the defendant, had been the subject of earlier discovery

requests, and the failure to provide that information prejudiced the plaintiff. In Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212 (3d Cir. 2006), the defendants failed to provide plaintiff with some 67 pages of handwritten notes contained in the company's files and the court issued significant sanctions. Id. at 237. Those notes were made by defendant's CEO during the merger negotiations that were the subject of the litigation. Id. Defendant did not provide plaintiff with the material until "the eve of the last day of trial," though such material had been the subject of earlier discovery requests. Id. The Court of Appeals approved the trial judge's imposition of a $500,000 fine for defendant's failure to turn over this material, since the disclosure came "eleven months after the close of discovery and, even more significantly, on the eve of the last day of a long trial." Id. at 241. Moreover, the "case was extraordinarily complex and the preparations for trial, particularly in light of the huge number of documents produced, had been immensely time consuming." Id. The production of new documents had forced plaintiff "through no fault of its own, to reexamine its trial strategy, reevaluate its examination of various witnesses, prepare for re-examination of several witnesses, and redevelop its cross-examination of the" CEO. Id. at 242.

The material that plaintiff alleges defendants unfairly failed to produce until shortly before trial and the circumstances of the material's production are quite different here. First, plaintiff does not allege that the newspaper advertisements were the subject of any discovery request. Additionally, the newspaper clippings are

3

not items held in the exclusive control of the defendants, which plaintiff could never hope to discover and evaluate without a search by defendant of company files. Instead, newspaper advertisements can be found by anyone who goes to a library and sits in front of a microfilm machine. Plaintiff complains about the amount of pages in the material, but does not allege that this material will force her to reevaluate her trial strategy, examine new witnesses, re-plot her cross-examination of a key witness, or seek out new evidence to counter the defense the evidence raises. The court fails to see why such evidence would force any such action. Newspaper advertisements are not complicated documents, and plaintiff can certainly peruse them quickly before trial. Moreover, plaintiff herself testified that she had examined the very documents about which she here complains as part of her job search. She was aware of their existence, and indeed her deposition testimony makes them a potential subject of impeachment and cross-examination at trial. No discovery was necessary for plaintiff to be aware of the documents' existence, and no prejudice exists from defendant failing to provide the binder earlier. See Fed. R. Civ. P. 26(a)(1)(ii) (requiring as an initial disclosure "a copy–or a description by category and location–of all documents, electrically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.").

Plaintiff also alleges that the advertisements should be excluded because they are hearsay. The Federal Rules of Evidence define hearsay as: "a statement, other

4

than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). "Hearsay is not admissible except as provided by" the federal rules. FED. R. EVID. 802. Those rules also provide a number of exceptions to the hearsay rule, allowing the introduction of out-of-court statements that describe a declarant's "present sense impression," represent an "excited utterance," record the declarant's "then existing mental, emotional, or physical condition," and other statements recorded in official documents or which bear other indicia of reliability. See FED. R. EVID. 803. Hearsay evidence may also be introduced if the court determines the evidence is offered "as evidence of a material fact," that the evidence is "more probative" than "any other evidence" on the particular subject for which it is introduced, and the "general purposes" of the Federal Rules of Evidence will "be served" by introducing such evidence. Fed R. Evid. 807.

The court finds that excluding the evidence based on hearsay would be premature, as the court cannot know how the defendants will attempt to use the documents and there are many non-hearsay uses to which the advertisements could be put. Defendants could introduce the advertisements merely to show they had been published, for instance, or to challenge a claim made by the plaintiff about her job search. Since plaintiff's motion is premature, the court will deny the motion without prejudice to plaintiff raising objections to the advertisements on hearsay grounds at trial.

5

BY THE COURT:


s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court